UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONGHUA LIU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGYAN CHEN, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06578-AMO<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

Before the Court is Plaintiff Songhua Liu's ("Liu") motion for a temporary restraining order. ECF 5. Liu alleges that Defendants Longyan Chen's and Shenzhenshiyixindianziyouxiangonsi's sale of products infringe Liu's copyrighted artwork. Liu now seeks a temporary restraining order ("TRO") to prohibit Defendants from reproducing, distributing, or selling any products that utilize her copyrighted artwork and to order non-party Amazon.com to freeze Defendants' seller account funds for the pendency of this action. The Court **DENIES** Liu's motion for the following reasons.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or TRO. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the

reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

Here, no notice was given to Defendants, and Liu has not satisfied the criteria required for the Court to grant a TRO without notice to the adverse parties. First, it is not clear to the Court that Liu would suffer any immediate and irreparable injury, loss, or damage in the time before Defendants could be heard. Liu claims that she became aware of Defendants' alleged infringement in July 2024, and that since then, she has suffered from decreased sales and risk to her reputation as an artist. However, she has not alleged specific facts to support a finding that Defendants' continued infringement, which she alleges has been ongoing for months, will cause irreparable harm such that it would be proper for this Court to grant her motion prior to hearing from Defendants. Nor has Liu alleged specific facts of any other harms that are imminent. Accordingly, it is not clearly apparent that Liu will suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition.

Second, Liu has provided no evidence that any effort has been made to give notice to Defendants, nor has she explained why notice should not be required. Liu asks the Court to order non-party Amazon to give notice to Defendants of her complaint and the instant motion, ECF 5 at 8, but this does not satisfy her obligation to attempt to effect service. As Liu did not identify any efforts to serve Defendants or explain why service should not be required, she has not satisfied the second criterion.

Accordingly, because the Defendants in this action have not yet been served, and Liu has failed to satisfy either of the criteria under Rule 65(b) for granting a TRO without notice to the adverse parties, the motion is **DENIED**.

Resources are available for parties who are representing themselves in the Northern District of California. The Court encourages all self-represented litigants to consult with the Federal Pro Bono Project (sometimes also called the Legal Help Center), though this is optional. To schedule an appointment with the Legal Help Center, email fedpro@sfbar.org or call (415) 782-8982. The Northern District of California website also has various resources available,

//

//

including a Pro Se Handbook about how to represent oneself in court. These resources are available online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: October 16, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**