United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONGHUA LIU,

        Plaintiff,

    v.

LONGYAN CHEN, et al.,

        Defendants.

Case No. 24-cv-06578-AMO

**ORDER TO SHOW CAUSE**

On September 19, 2024, Plaintiff Songhua Liu ("Liu") filed a Complaint against Defendants Longyan Chen and Shenzhenshiyixindianziyouxiangonsi. ECF 1. On October 15, 2024, Liu filed a motion for temporary restraining order ("TRO"). ECF 5. That same day, the Court denied Liu's motion because Liu had not provided notice to Defendants as required by the Federal Rules of Civil Procedure ("Rules" or, individually, "Rule"), nor had she satisfied the criteria required for the Court to grant a TRO without notice to the adverse parties as provided by Rule 65(a)(1). *See* ECF 8 at 1-2. Over six months have passed since Liu filed her complaint, and as of the date of this Order, Plaintiff has not sought a summons, nor has there been any other activity on the docket from Liu since she filed the TRO in October 2024.

A plaintiff is responsible for having the summons and complaint served on the defendant. Rule 4(c). Liu's complaint alleges that Defendants likely reside abroad, *see* ECF 1 at 2, and accordingly, Liu is not bound by Rule 4(m)'s requirement that a plaintiff serve a defendant within 90 days after the complaint is filed. *See* Rule 4(m) ("[S]ubdivision (m) does not apply to service in a foreign country. . . ."). Nonetheless, pursuant to Rule 41(b), the Court may dismiss a case for failure to prosecute if warranted by the Court's balancing of certain factors, including the Court's need to manage its docket, risk of prejudice to the parties, and the public interest. *See Pagtalunan*

*v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Liu is therefore **ORDERED** to show good cause why the Court should not dismiss this action pursuant to Rule 41 for failure to prosecute. Liu **SHALL FILE** a written response to this Order, no longer than three pages, by **April 22, 2025**. Liu's response shall describe why she has not yet served Defendants, whether and how Liu intends to serve Defendants, and why the Court should not dismiss Liu's complaint for failure to date to serve Defendants. Failure to respond to this Order will result in dismissal of this case. Additionally, the Court **VACATES** the April 3, 2025 case management conference, which will be reset once Defendants have appeared.

The Court reminds Plaintiff that resources are available for parties who are representing themselves in the Northern District of California. The Court encourages all self-represented litigants to consult with the Federal Pro Bono Project (sometimes also called the Legal Help Center), though this is optional. To schedule an appointment with the Legal Help Center, email fedpro@sfbar.org or call (415) 782-8982. The Northern District of California website also has various resources available, including a Pro Se Handbook about how to represent oneself in court. These resources are available online at: https://www.cand.uscourts.gov/pro-se-litigants/. Relevant here, Chapter 8 of the Handbook explains the rules for serving documents on defendants in a lawsuit.

**IT IS SO ORDERED.**

Dated: March 25, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**